IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO MARTINEZ SERVIN,

    Petitioner,                 No. CIV S-05-0097 GEB KJM P

    vs.

JEANNE WOODFORD,

    Respondent.               <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On May 4, 2005, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and

1

recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 4, 2005, are adopted in full; and

2. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies.

Dated:  June 9, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] In his objections, petitioner asks that the court stay this matter until petitioner exhausts state court remedies with respect to his claims. However, under Rose v. Lundy, 455 U.S. 509 (1982), a habeas application containing any unexhausted claims must be dismissed. When the court dismisses a habeas application containing both exhausted and unexhausted claims, the court can grant the petitioner leave to file an amended application containing only exhausted claims. Then, the court can proceed on the exhausted claims, or possibly stay the exhausted claims pending further exhaustion. However, because all of petitioner's claims are unexhausted, the Supreme Court, through Rose, demands that this entire action be dismissed.